UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re ADELPHIA COMMUNICATIONS CORP,
et al.,

No. 03 Civ. 8848 (LTS)(DFE)

(Chapter 11 Case No. 02-41729)

Debtors.

-------------------------------------------------------x

**ORIGINAL**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/26/06

**ORDER**

D. E. Shaw & Co., L.L.C., and D. E. Shaw Laminar Portfolios, L.L.C. ("Appellants"), appeal from a July 29, 2003, Stipulation and Order entered by the United States Bankruptcy Court for the Southern District of New York (Gerber, B.J.) which granted, over Appellants' objection, a Motion of the Official Committee of Unsecured Creditors for Order Approving Stipulation Among the Debtors, the Creditors' Committee and the Equity Committee, Authorizing the Creditors' Committee to Prosecute Claims and Causes of Action Against the Pre-Petition Agents and Pre-Petition Secured Lenders and Granting the Equity Committee the Right to Intervene (the "Standing Motion"). The Stipulation and Order approved the commencement of an adversary proceeding by the Unsecured Creditors' Committee and the Debtors, as co-plaintiffs, against approximately 380 agents, lenders and secondary purchasers of the Debtors' debt securities. The complaint in the adversary proceeding challenges certain of the Debtors' loan and financial management structures as fraudulent, charges their lenders with complicity in the fraud and related misconduct, and seeks the avoidance of alleged fraudulent transfers and the equitable subordination of debt, among other relief. Appellants pressed the only objection to the Standing Motion at the time it was interposed; the Stipulation and Order among the Debtors, Creditors' Committee, Equity

Committee and other parties defendant contemplated that opposition to the Creditors' Committee's assertion of standing to sue, as well as challenges to the merits of the claims raised in the adversary proceeding, could be raised and would be litigated in the context of the adversary proceeding.

Appellants objected to the Standing Motion on the ground that the Creditors' Committee lacked standing to sue because the Committee's claims against them are factually unfounded. Thus, Appellants argued, the Committee would be unable to make the requisite showing that the adversary proceeding would be "in the best interest of the bankruptcy estate and necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings." Glinka v. Murad (In re Housecraft Indus. USA, Inc.), 310 F.3d 64, 71 (2d Cir. 2002) (citing Commodore Int'l, Ltd. v. Gould (In re Commodore Int'l, Ltd.), 262 F.3d 96, 100 (2d Cir. 2001)). On appeal, Appellants principally contend that the Bankruptcy Court's findings on the record, in conjunction with its approval of the Stipulation and Order, that the foregoing standard had been met was fundamentally flawed because the Bankruptcy Court did not engage in an examination of the merits of each of the claims against each of the defendants, as detailed in the lengthy adversary proceeding complaint, in connection with its determination that the litigation was in the best interest of the estate and necessary and beneficial to the resolution of the bankruptcy proceedings.

The parties' initial briefing of this appeal was concluded in 2004; supplemental briefing, following an August 30, 2005, Bankruptcy Court decision addressing additional objections to the Standing Motion, was completed in December 2005. The Court has reviewed and considered carefully all of the parties' submissions. For the following reasons, the appeal is hereby dismissed for lack of jurisdiction.

## DISCUSSION

The district courts' jurisdiction to entertain appeals from orders of the bankruptcy courts is delineated by section 158(a) of title 28 of the United States Code, which provides in pertinent part that district courts have jurisdiction to hear appeals as of right "from final judgments, orders and decrees" and that interlocutory appeals may be taken with leave of court. 28 U.S.C.A. § 158(a) (West 2005).

"'Orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case.'" United States Trustee v. Bloom (In re Palm Coast, Matanza Shores Ltd. P'ship), 101 F.3d 253, 256 (2d Cir. 1996) (citations omitted). The Stipulation and Order is not, on its face, a final order. Section F of the Stipulation and Order expressly contemplated that motion practice directed to the adversary proceeding complaint "may include opposition to the [Creditors' Committee's motion for approval of the Stipulation and Order]." (App. to Appellants' Opening Br., 313.) Nor did entry of the Stipulation and Order resolve a discrete issue in the larger case. Rather, it set the groundwork for further litigation of the claims asserted in the adversary proceeding by the Creditors' Committee and the Debtors, contemplating that the remaining issues relating to the relief requested in the Standing Motion would be resolved in conjunction with the adversary proceeding.

Nor does the approval of the Stipulation and Order come within that narrow class of interlocutory orders that are appealable under the collateral order doctrine.

> The collateral order doctrine is a 'narrow exception' [to the final judgment rule], . . . whose reach is limited to trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal. . . . To fall within the exception, an order must at a minimum satisfy three conditions: It must 'conclusively determine the disputed question,' 'resolve an important issue completely separate from the merits of the action,' and 'be effectively unreviewable on appeal from a final judgment.'

Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 430-31 (1985) (citations omitted). The Stipulation and Order satisfies none of these requisites. It does not conclusively determine the disputed question of the propriety of the Creditors' Committee's role as a plaintiff in the adversary proceeding; indeed, as contemplated by the Stipulation and Order, the Bankruptcy Court issued an order addressing further objections of the sort initially raised by Appellants, some two years after the Stipulation and Order was entered. Nor is the issue upon which Appellants' appeal is focused one completely separate from the merits of the action. One of Appellants' chief arguments is that the Committee should not be permitted to press claims in the adversary that Appellants contend they can disprove. Finally, the potential for additional litigation expense is not sufficient to satisfy the condition of effective unreviewability on appeal from final judgment: "'the possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress.'" Chasser v. Achille Lauro Lines, 844 F.2d 50, 53 (2d Cir. 1988) (quoting Richardson-Merrell, 472 U.S. at 436). The fact that the sort of standing issues pressed by Appellants here can effectively be reviewed on appeal from final judgment is made clear by the decisions upon which Appellants principally rely. Housecraft and Commodore both addressed the issue of Committee standing in the context of appeals from final dispositions on the merits of the claims asserted in the litigation proceedings. See Housecraft, 310 F.3d 64; Commodore, 262 F.3d 96.

Rule 8003 of the Federal Rules of Bankruptcy Procedure requires that a party seeking to appeal an interlocutory order of the bankruptcy court first request permission from that court to press the appeal. It is undisputed that Appellants failed to do so here. Appellants nonetheless urge this Court to exercise its power to treat the notice of appeal as a motion for leave to appeal and to grant the motion. See Fed. R. Bankr. P. 8003(c) (West 2005). As Appellants

acknowledge, the standards for entertaining an interlocutory appeal from a bankruptcy court decision are the same as those applied under 28 U.S.C. section 1292(b), which governs appeals of interlocutory decisions from district courts to the courts of appeals. Section 1292(b) authorizes consideration of such appeals that raise a controlling issue of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. A. § 1292(b) (West 2006). Consideration of Appellants' interlocutory appeal would not materially advance the ultimate termination of the adversary proceeding below. Debtors are co-plaintiffs in that proceeding, so even the elimination of the Creditors' Committee as a party plaintiff would not necessarily terminate that proceeding. Furthermore if, as Appellants contend, a separate preliminary proceeding to examine each claim asserted in the litigation to determine whether it has merit, or is at least colorable, is required in order to support a Housecraft/Commodore order permitting pursuit of the litigation, a remand here would simply add an additional level of complexity to litigation in which the parties already have orderly opportunities to contest the merits of the claims against them. For similar reasons, Appellants fail to present a "controlling question." The first prong of the section 1292(b) standard "refer[s] to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record. . . . The question must also be 'controlling' in the sense that reversal of the bankruptcy court would terminate the action, or at a minimum that determination of the issue on appeal would materially affect the litigation's outcome." In re Adelphia Commc'ns Corp., 333 B.R. 649, 658 (S.D.N.Y. 2005) (internal quotation marks and footnotes omitted).

## CONCLUSION

Appellants' request for permission to press their interlocutory appeal is, accordingly, denied, and the instant appeal is dismissed for lack of jurisdiction.

SO ORDERED.

Dated: New York, New York
      April 25, 2006

                                            LAURA TAYLOR SWAIN
                                            United States District Judge